# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR DEL RIO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-2170-L |
| | ) | |
| TRACEY DEL RIO, | ) | |
|     Defendant. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

On December 9, 2008, Victor Del Rio ("Del Rio") filed a Complaint along with Supplemental Civil Cover Sheet For Cases Removed from State Court. As a result, the court clerk opened this action listing Del Rio as the Plaintiff, and his ex-wife, Tracey Del Rio, as the defendant. It appears that Del Rio may be seeking to remove a case from the 311th Family Court in Harris County, Texas, with cause number 2000-27121. The Harris County District Clerk's Office reflects two cases with the above case number: *Tracey Del Rio v. Victor Del Rio*, No. 2000-27121A, and *Tracey Del Rio v. Victor Del Rio*, 2000-27121B. However, neither case

appears to have been removed to federal court. Moreover, No. 2000-27121-A was disposed by judgment rendered by the court after a trial on May 6, 2008.[1]

Along with his complaint/notice of removal, Del Rio submitted a motion for leave to proceed *in forma pauperis*, a motion to appoint counsel, an ex parte motion for writ of habeas corpus, a motion to seal or otherwise limit inspection of case record, and a motion for warrant of arrest.

The procedures for removing a state civil action to federal court are set out in 28 U.S.C. § 1446. *See Enterprise v. Ivy, et al.*, 3:04cv2726-R (N.D. Tex. Dec. 8, 2004) (summarizing procedure for removing a state civil action). Pursuant to § 1446(a), defendants desiring to remove a civil action from state court must file a signed notice of removal that contains a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Furthermore, § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which the such action or proceeding is based."

Local Rule 81.1 sets forth the required form for documents to be filed upon removal. Such rule requires, among other things, that defendants attach the following items to the notice of removal:

    A.    an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;
    B.    a copy of the docket sheet in the state court action;

---

[1] The docket sheets for the Harris County Family cases are available at the following internet website: http://www.hcdistrictclerk.com/eDocs/Public/Search.aspx

    C.    each document filed in the state court action, except discovery material, individually tabbed and arranged in chronological order according to the state court file date, and
    D.    a separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e).

In this case, Del Rio has wholly failed to comply with 28 U.S.C. § 1446(a) and (b), and Local Rule 81.1. Without a copy of the state court pleadings the court cannot determine the jurisdictional basis for the notice of removal.

While a district court cannot remand a case *sua sponte* for procedural deficiencies, it can do so upon a finding of lack of jurisdiction. *In re Allstate Insurance Company*, 8 F.3d 219, 221-224 (5th Cir. 1993); *Enterprise Properties v. Ivy, et al*, 2005 WL 550281, No. 3:04cv2726-R (N.D. Tex., Mar. 8, 2005); *see also Schexnayder v. Energy Louisiana Inc.*, 394 F.3d 280, 284 (5th Cir. 2004); *Jaikaran v. Boudreau*, 3:05cv1124-B (N.D. Tex. Jun. 10, 2005), findings and conclusions accepted (Jul. 7, 2005); 28 U.S.C. § 1447(c).

In this case it is impossible to determine whether this action would satisfy the requirements for federal or diversity jurisdiction. The removing party bears the burden of establishing the existence of federal jurisdiction. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Here, the removing party has simply failed to meet his burden. Accordingly, the District Court should remand this case *sua sponte* due to Del Rio's failure to establish the existence of federal jurisdiction.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this case be REMANDED *sua sponte* to the 311th Family Court, Harris County Courthouse, 1115 Congress, 7th Floor, Houston, Texas 77002, and that Del Rio's motions to proceed *in forma pauperis*, to appoint counsel, for writ of

habeas corpus, to seal or limit inspection of case record, and for warrant of arrest be DENIED as moot.

Signed this 11th day of December, 2008.

/s/ Wm. F. Sanderson, Jr.
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.