IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VICTOR DEL RIO**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:08-CV-2170-L** |
| | § | |
| **TRACEY DEL RIO**, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the court is Plaintiff's Complaint, filed December 9, 2008. Pursuant to Special Order 3-251, the complaint was referred to United States Magistrate Judge Wm. F. Sanderson, Jr. On December 11, 2008, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") was filed. No objections to the Report have been filed.

This is a *pro se* civil action based upon a custody determination made in cause number 2000-27121 by the 311th Family Court in Harris County, Texas. The magistrate judge found that because Plaintiff failed to establish the existence of the court's subject matter jurisdiction, the action should be remanded to the 311th Family Court in Harris County, Texas.

Having reviewed the complaint, file, record, and the Report in this case, the court determines that the findings and conclusions are correct in part. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court to the extent that the case should not be in this district and **rejected** to the extent that remand is recommended. Although the court agrees that this case should not be in the Northern District of Texas, it believes that transfer of the case is the more appropriate vehicle to remedy the defect. Therefore, the court *sua sponte* considers whether this action should be transferred to the Southern District of Texas, Houston Division. *See, e.g.,*

**Order – Page 1**

*Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (holding that district court may *sua sponte* transfer action pursuant to 28 U.S.C. §1404(a)).

Plaintiff filed a Supplemental Civil Cover Sheet for Cases Removed From State Court. Therfore, it appears that he attempted to remove cause number 2000-27121 from the 311th Family Court in Harris County, Texas to this court. Such removal is improper for two reasons. First, plaintiffs are not entitled to remove cases from state to federal court. *See* 28 U.S.C. § 1441(a). Second, a civil action must be removed "to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* Because the family court action is pending in Harris County, Texas, the case may be removed only to the Southern District of Texas, Houston Division. *See* 28 U.S.C. § 124(b)(2). Accordingly, the court concludes that this action should be transferred to the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1406(a).

In addition to filing a Supplemental Civil Cover Sheet for Cases Removed From State Court, Plaintiff also filed a Civil Cover Sheet that reflects that this is an original proceeding based upon federal question jurisdiction. The court, therefore, is unclear about whether Plaintiff intended to remove the state action or initiate a separate federal civil action. To the extent that Plaintiff seeks to initiate a separate federal civil action, transfer of this action to the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1406(a) remains appropriate.

Plaintiff's Civil Cover Sheet reflects that he brings this action against his ex-wife, Tracey Del Rio, pursuant to 18 U.S.C. §§ 241, 242 and 42 U.S.C. § 1983. Therefore, pursuant to the relevant portions of 28 U.S.C. § 1391(b), this action may be brought in the judicial district in which any defendant resides or a substantial part of the events or omissions giving rise to Plaintiff's claim

occurred. Nothing in the complaint establishes that Defendant resides in the Northern District of Texas. Plaintiff alleges only the following:

> Tracy Del Rio has been in collaboration with Spring ISD, and others, in providing [his son] an education that strictly focuses on aggravating his disabilities and denying him the proper medical care. . . .This is in accordance to a 'protocol' per discussions between Spring ISD, Janet Horn (legal counsel at Bracewell & Giuliani), and Attorney General Greg Abbott.

Pl.'s Compl. All of the conduct of which Plaintiff complains occurred in Spring, Texas. Moreover, Plaintiff's Civil Cover Sheet reflects that he brings this action against his ex-wife, Tracey Del Rio, pursuant to 18 U.S.C. §§ 241, 242 and 42 U.S.C. § 1983. Plaintiff filed a separate case in the Southern District of Texas, Civil Action No. 4:08-CV-2366, which is also a section 1983 case that names Tracey Del Rio as a defendant. For these reasons, the Southern District of Texas, Houston Division is the proper district and division for this action, and this case should have been filed there originally. Rather than dismiss this action, the court hereby **transfers** it to the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1406(a), for that court to determine whether *consolidation* with Civil Action No. 4:08-CV-2366 styled *Del Rio, et al. v. Drexler, et al.* or **remand** to the 311th Family Court, Harris County, Texas is appropriate.[*] The clerk of the court shall effect the transfer in accordance with the usual procedure.

---

[*] Even if this case could not be transferred pursuant to 28 U.S.C. § 1406(a), transfer pursuant to 28 U.S.C. § 1404(a) is proper because nothing giving rise to the lawsuit occurred in the Northern District of Texas, no witnesses or parties reside in the Northern District of Texas, and no local interests of persons residing in the Southern District of Texas are served by trying this action in the Northern District of Texas. Therefore, Dallas has no factual connection with the events of this case and no relation to the litigation.

**It is so ordered** this 31st day of December, 2008.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge